IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. LYNELL NOBLE, Defendant. | 8:24-CR-141 ORDER ON MOTION TO DISMISS INDICTMENT |

The Government has charged the defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Filing 1 (Indictment). Presently before the Court is the defendant's Motion to Dismiss the Indictment. Filing 18. The defendant argues that 18 U.S.C. § 922(g)(1) is unconstitutional as applied to him because his firearm possession was protected under the Second Amendment of the United States Constitution. Filing 19 at 1. The defendant's Motion fails because the Eighth Circuit Court of Appeals has already addressed and foreclosed the defendant's argument. *See United States v. Jackson*, 110 F.4th 1120, 1125 (8th Cir. 2024) (concluding that "§ 922(g)(1) is not unconstitutional as applied to [a defendant] based on his particular felony convictions" and that "there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)").

The defendant acknowledges that his argument is foreclosed by precedent, Filing 19 at 4 (noting that "the Eighth Circuit again upheld the constitutionality of § 922(g)(1)"), but argues that

1

this precedent "is/remains wrongly decided and should be overturned by the Supreme Court." Filing 19 at 8–9. The Court is obligated to follow controlling Eighth Circuit precedent and cannot consider the defendant's arguments that Eighth Circuit precedent is wrong. *See Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 136 (2023) ("[A] lower court should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions. This is true even if the lower court thinks the precedent is in tension with some other line of decisions." (internal quotation marks and citations omitted)); *Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003) (noting that district courts located within the Eighth Circuit are "bound ... to apply the precedent of this Circuit"); *M.M. ex rel. L.R. v. Special Sch. Dist. No. 1*, 512 F.3d 455, 459 (8th Cir. 2008) (noting it is "fundamental error" to disregard circuit precedent). Accordingly,

IT IS ORDERED that the defendant's Motion to Dismiss Indictment, Filing 18, is denied.

Dated this 28th day of October, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge